SANBORN & FOLLET v. CASADY *et al.*

1. Husband and wife: SEPARATE ESTATE. A married woman may incumber or convey real estate which she owns in her own right.

*Appeal from Woodbury District Court.*

THURSDAY, JUNE 28.

ACTION to enforce a mechanic's lien. Trial to court, judgment for plaintiffs for the amount claimed, but the mechanic's lien was denied. The plaintiffs appeal.

*Hudson & Joy* for the appellants.

*Polk & Hubbell* for the appellee.

COLE, J. — The petition shows the account to have closed on the 9th day of May, 1859; the claim for mechanic's lien was filed June 17, 1859, and this suit was commenced May 1, 1860.

1. HUSBAND AND WIFE: wife's separate estate.

After this action was brought, a controversy arose between the defendants and the county of Woodbury, in relation to the property, and in consideration of one dollar and the agreement to continue this cause until the other controversy was settled, these defendants entered into a stipulation that after such other controversy was closed the plaintiffs should have judgment for the amount of their claim and the enforcement of their mechanic's lien therefor. The cause was continued under the stipulation.

Upon the trial, the plaintiffs proved their amount as stated in the petition, and that the materials therein charged for were used in the erection of the building upon which the lien was sought. They also proved the filing of their claim for mechanic's lien, as stated in their petition, and then introduced the stipulation for judgment and the lien. The defendants proved the legal title to the property to have been, at the time of the furnishing of the materials, and the bringing of this suit, and the making of the stipulation in the defendant, Mary E. Casady. The plaintiffs,

however, proved by Mrs. Casady herself that her husband paid for the property, and although he had the title con-veyed to her, he had acted as owner of it, and received the rents and profits, &c.

The proof in the cause, as well as the stipulation, enti-tled the plaintiffs to a judgment for their lien. The objection that the wife did not have the legal capacity to bind herself by such a stipulation, is not well founded. If she was the owner of the property in her own separate right, then she clearly had the power to incumber or con-vey it. Rev., § 2215; Code, § 1207. If she was not the owner, then she was not prejudiced by the lien, and besides she had the power to join her husband in any legal and proper incumbrance thereon. The objection that the stipulation was not filed and judgment claimed thereon, as such, is too technical to be available. If it was binding as a stipulation (and we have seen that it was), then it was the duty of the court to regard and enforce it, when-ever the same was properly brought to the knowledge of the court. But without reference to the stipulation, the proofs showed the plaintiffs entitled to the lien. The judg-ment will be reversed and remanded, with directions to enter judgment for the lien and enforce the same.

Reversed.